82 F.3d 423
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maria Teresa Sierra de SCOTT; Wade Warren Sierra Scott;
Clifford Nathaniel Scott-Sierra, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70193.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided April 1, 1996.
 
 1
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Maria Teresa Sierra de Scott, and her two minor sons, natives and citizens of Nicaragua,[1] petition for review of the Board of Immigration Appeals' ("BIA") decision denying their applications for asylum under section 208(a) of the Immigration and Nationality Act, 8 U.S.C. § 1158(a). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and deny the petition for review.
 
 
 4
 We review the factual findings regarding an applicant's eligibility for asylum under the substantial evidence standard, see Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994), and the factual determinations will be upheld "if supported by reasonable, substantial, and probative evidence on the record considered as a whole," 8 U.S.C. § 1105a(a)(4). To obtain a reversal, an applicant must show that his or her evidence " 'was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed.' " Shirazi-Parsa, 14 F.3d at 1427 (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)).
 
 
 5
 To qualify for asylum, an applicant must demonstrate that he or she has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(a). To establish a well-founded fear of persecution, an applicant must present a genuine subjective fear of harm, and must show that this subjective fear is objectively reasonable. See Shirazi-Parsa, 14 F.3d at 1427.
 
 
 6
 Sierra de Scott contends that the evidence presented compels a finding that she suffered past persecution and has a well-founded fear of future persecution on account of her actual or imputed anti-Sandinista political opinion.
 
 
 7
 Sierra de Scott bases her claim for asylum on: (1) her husband's problems with the Sandinistas, which resulted in their flight from Nicaragua to the Cayman Islands; (2) her detention and interrogation at the airport when she returned to Nicaragua in 1982; and (3) the history of persecution against her family, including the incarceration, torture, and death of one brother, and the detention of two other brothers.
 
 
 8
 Substantial evidence supports the BIA's determination that Sierra de Scott did not establish past persecution by the Sandinistas on account of her actual or imputed political opinion.
 
 
 9
 Sierra de Scott credibly testified that her husband was a famous basketball player who was used as a "political pawn" by the Sandinista regime. Although he opposed the Sandinistas, the authorities selected Mr. Scott to serve as the Minister of Sport, and he was required to promote Sandinista policies. Because of his opposition to those policies, Mr. and Mrs. Scott fled to the Cayman Islands in 1979.[2] Upon Sierra de Scott's return to Nicaragua from the Cayman Islands to visit her seriously ill mother in 1982, the Sandinista authorities detained her for thirty minutes at the airport, and interrogated her about Mr. Scott. Sierra de Scott was released unharmed, and she departed Nicaragua without incident fifteen days later.[3]
 
 
 10
 This single detention does not appear to be severe enough to compel a finding that Sierra de Scott was actually persecuted in the past. See e.g., Prasad v. INS, 47 F.3d 336, 339 (9th Cir.1995) (holding that brief detention and beating does not compel a finding of persecution). Moreover, the record does not compel a finding that the harm suffered by Sierra de Scott's husband and brothers provides a basis for finding that she personally suffered past persecution.[4]
 
 
 11
 Substantial evidence also supports the BIA's determination that Sierra de Scott did not establish a well-founded fear of future persecution based upon her husband's difficulties with the Sandinistas, or her family background.
 
 
 12
 Sierra de Scott contends that because of her prior detention and the fact that her non-Latino surname is rare, she would be easily identified and targeted for further harm. Sierra de Scott also testified that she would be at risk because many members of her family have been accused of being counterrevolutionaries and have been harmed by the Sandinistas. Moreover, five members of her family have been granted asylum in the United States.
 
 
 13
 While the evidence presented could support a reasonable fear of persecution, a factfinder would not be compelled to find that Sierra de Scott has a well-founded fear of persecution. First, it appears from her testimony that the Sandinistas were primarily interested in her husband when they interrogated her in 1982, and they showed little interest in her activities. Moreover, Sierra de Scott provided no evidence that the Sandinistas interrogated or threatened her regarding the political activities of her brothers. Second, Sierra de Scott returned to Nicaragua in 1985 to attend her mother's funeral, and during that five-day visit, she was not questioned about Mr. Scott or her siblings. Finally, the substantial political changes in Nicaragua subsequent to her departure further weaken Sierra de Scott's claim of future persecution. See Kazlauskas, 46 F.3d 902, 906 n. 3 (9th Cir.1995) (stating that fundamental political changes are highly relevant to the likelihood of future persecution).[5]
 
 
 14
 Accordingly, Sierra de Scott failed to provide objective evidence to support her subjective fear of harm. See Shirazi-Parsa, 14 F.3d at 1427.[6]
 
 
 15
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Sierra de Scott's request for oral argument is denied. We grant Sierra de Scott's motion to file a late reply brief
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Wade Warren Sierra Scott appears to be a native of the Cayman Islands and a citizen of the United Kingdom
 
 
 [2]
 Sierra de Scott also testified that she went to the Cayman Islands to obtain necessary medical treatment that was not available in Nicaragua
 
 
 [3]
 Sierra de Scott and her husband separated in 1987, and she left the Cayman Islands for the United States shortly thereafter
 
 
 [4]
 While we agree with Sierra de Scott that the treatment of family members can be relevant to the determination of asylum eligibility, see e.g., Ramirez-Rivas v. INS, 899 F.2d 864, 868-73 (9th Cir.1990), we do not find that the persecution of family members necessarily warrants a finding of past persecution. Here, Sierra de Scott provided no evidence showing that the pattern of persecution against her family inflicted upon her such suffering or harm that a reasonable factfinder would have to conclude that she was persecuted. See Shirazi-Parsa, 14 F.3d at 1427
 
 
 [5]
 The BIA noted the continued influence of the Sandinistas in the military and the police, along with the conditions of civil strife and turmoil in Nicaragua, but found that the change in government negated Sierra de Scott's future fear. Because Sierra de Scott introduced evidence into the record regarding continued Sandinista control, and regarding the effect of the change in government on her fear of future harm, we find no merit in her contention that the BIA abused its discretion by taking administrative notice of changed country conditions. See Acewicz v. INS, 984 F.2d 1056, 1060-61 (9th Cir.1993) (affirming the BIA's notice of changed conditions in Poland because the applicants had ample opportunity to argue that their fear of persecution remained well-founded); cf. Castillo-Villagra v. INS, 972 F.2d 1017, 1928-29 (9th Cir.1992) (finding abuse of discretion where applicants were not allowed to introduce evidence regarding the impact of the change in government on their claim)
 
 
 [6]
 Because she is not a prevailing party, we deny Sierra de Scott's request for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412